UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN PAULEY AND
RICK KROM,

    Plaintiffs,

v.                                  Case No. 8:25-cv-2429-TPB-AEP

M&T BANK, et al.,

    Defendants.
_____/

**ORDER DENYING "PLAINTIFFS' EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER, REFERRAL
TO MEDIATION, AND PRELIMINARY INJUNCTION"**

This matter is before the Court on "Plaintiffs' Emergency Motion for Temporary Restraining Order, Referral to Mediation, and Preliminary Injunction," filed *pro se* on September 10, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

Plaintiffs Jean Pauley and Rick Krom – an elderly married couple who had purchased an RV as a dwelling – bring this suit against Defendants M&T Bank and Blue Compass RV, LLC, for alleged violations of the Truth in Lending Act (TILA) and Regulation Z, along with related state law claims. It appears that Plaintiffs entered into a retail installment contract for the 2022 Forest River Columbus River Ranch 392MB RV – the contract specifically stated that Plaintiffs agreed that the property would not be used as a dwelling, but Plaintiffs contend that the "disclaimers conflict with TILA's definition of 'dwelling[,]'" creating "potential

assignee liability under 15 U.S.C. § 1641(a) for facially apparent defects." Plaintiffs contend that Defendants knew or should have known that Plaintiffs intended to occupy the RV as their principal dwelling within one year. They seek "recission (if not-RMT), restitution, damages, and equitable relief."

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

Plaintiffs have failed to plead or demonstrate that notice and a hearing on the motion is impractical. Although Plaintiffs detail some complaints made to various agencies and entities such as the Consumer Financial Protection Board and New York State Department of Financial Services, Plaintiffs do not detail *any* efforts made to give notice of the *TRO motion* to Defendants, and they do not provide any legitimate reason why notice should not be required. Absent a showing of emergency, the Court is not able to address Plaintiffs' allegations without input from Defendants.

Because Plaintiffs have failed to meet the high burden for the issuance of a TRO, Plaintiffs' request for a temporary restraining order must be denied. As to Plaintiffs' other requests for relief, the Court declines to order mediation at this

time, or order any cap on Plaintiffs' financial responsibility for mediation. The Court declines to consider other costs and fees allocation at this time. To the extent that Plaintiffs wish to seek a preliminary injunction, they must file a separate motion and serve Defendants with a copy of the complaint and motion for preliminary injunction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiffs' Emergency Motion for Temporary Restraining Order, Referral to Mediation, and Preliminary Injunction" (Doc. 2) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of September, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE