UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN PAULEY AND
RICK KROM,

    Plaintiffs,

v.                                               Case No. 8:25-cv-2429-TPB-AEP

M&T BANK, et al.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

This matter is before the Court *sua sponte* on Plaintiffs' complaint.  (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

## Background

Plaintiffs Jean Pauley and Rick Krom – an elderly married couple who had purchased an RV – bring this suit against Defendants M&T Bank and Blue Compass RV, LLC, for alleged violations of the Truth in Lending Act (TILA) and Regulation Z, along with related state law claims.  It appears that Plaintiffs entered into a retail installment contract for the 2022 Forest River Columbus River Ranch 392MB RV – the contract specifically stated that Plaintiffs agreed that the property would not be used as a dwelling, but Plaintiffs contend that the "disclaimers conflict with TILA's definition of 'dwelling[,]'" creating "potential assignee liability under 15 U.S.C. § 1641(a) for facially apparent defects."  Plaintiffs contend that Defendants knew or should have known that Plaintiffs intended to occupy the RV as their

principal dwelling within one year. They seek "recission (if not-RMT), restitution, damages, and equitable relief."

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiffs in this case are proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Upon review, the Court finds that the complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules of this Court. First, Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference. The rule implicitly contemplates a single, sequential numbering of paragraphs. Plaintiffs' complaint does not follow the requirement of separately numbered paragraphs – they do not number any of their paragraphs. In an amended complaint, each sentence of the complaint should be set out in a separately numbered paragraph to ensure that Defendants are able to appropriately respond to *each* allegation and claim.

Second, Plaintiffs improperly mix causes of action in their complaint. They must plead their complaint in separate claims for relief and include no more than one claim for relief in each count of their complaint. To be clear, Plaintiffs cannot include claims under 15 U.S.C. §§ 1635, 1640, and 1641 in a single count, as they do in Count I. Nor can they include "common law; FDUTPA; SCUTPA" in a single count, as they do in Counts III, IV, V, and VI. Above each count, in the form of a title or heading, they must name the claim for relief that the count alleges and whether the claim is based on federal or state law.

Perhaps most importantly, the complaint does not provide a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it. As drafted, the complaint is largely incoherent and nonsensical because it contains few facts and many legal conclusions. For instance, Plaintiffs do not clearly explain which acts or omissions committed by Defendants constitute violations of TILA. Perhaps this is because the complaint is written in a confusing shorthand manner. For instance, one allegation is as follows: "IV-2-2. Covered, dwelling-secured consumer credit. Closed-end, consumer-purpose; secured by Plaintiffs' principal dwelling whether or not attached to real property; full-time use by May 2024 (utilities/lot lease in Plaintiffs names; USPS COA)." (Doc. 1 at 27). This type of phrasing is nonsensical – Defendants are unable to respond, and the Court is unable to adjudicate this dispute as it is framed. To be clear, in an amended complaint, Plaintiffs must plead *facts* to support each of their individual claims, and they must do so in plain English.

The Court notes that many of the asserted claims appear unviable on their face. For instance, in their current Count I, Plaintiffs appear to assert a claim under 15 U.S.C. § 1641, but this statute is a liability allocation provision rather than an independent and freestanding cause of action. Even if liability allocation were possible in this case, Plaintiffs do not identify any facts that would show that any identified TILA violation was apparent on the face of the disclosure statement. In Count I, they appear to assert another claim under 12 C.F.R. § 1026.1, also known as Regulation Z, but this regulatory provision simply implements TILA and cannot serve as its own independent cause of action. In Counts II and V, Plaintiffs

appear to assert a claim under 15 U.S.C. § 1639, but the loan at issue is not a mortgage, so this statutory provision does not appear to support any viable claim. Declaratory and injunctive relief, set out in Count VIII, are not independent causes of action but instead are requests for relief.

Because the complaint is facially insufficient and woefully inadequate, it is due to be dismissed, with leave to amend. The failure to cure the defects identified by the Court may result in the dismissal of this case with prejudice. And the failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**Plaintiffs are advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiffs should consider hiring an attorney. If they are unable to afford counsel, they should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2. Plaintiffs are directed to file an amended complaint to cure the defects identified in this Order on or before October 2, 2025. The failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th </u>day of September, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE