UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN PAULEY AND
RICK KROM,

    Plaintiffs,

v.                                           Case No. 8:25-cv-2429-TPB-AEP

M&T BANK, et al.,

    Defendants.
_____/

## ORDER DISMISSING THIRD AMENDED COMPLAINT

This matter is before the Court on "Defendant Blue Compass RV, LLC's Rule 12(b)(6) Motion to Dismiss, and Subject thereto, Motion for Full Summary Judgment" (Doc. 62), filed on December 1, 2025, and Defendant "M&T Bank's Motion to Dismiss" (Doc. 64), filed on December 5, 2025.  Plaintiffs Jean Pauley and Rick Krom filed responses in opposition.  (Docs. 65; 66).   After reviewing the motions, responses, third amended complaint, court file, and the record, the Court finds as follows:

### Background

Plaintiffs Jean Pauley and Rick Krom – an elderly married couple who purchased a recreational vehicle ("RV") – bring this suit against Defendants M&T Bank and Blue Compass RV, LLC, for alleged violations of the Truth in Lending Act (TILA) and Regulation Z, along with related state law claims.  It appears that Plaintiffs entered into a retail installment contract for a 2022 Forest River

Columbus River Ranch 392MB RV – the contract specifically stated that Plaintiffs agreed that the property would not be used as a dwelling, but Plaintiffs contend that the dwelling provisions of TILA should be applied, including the necessary disclosures and ability-to-repay determination. Plaintiffs contend that Defendants knew or should have known that Plaintiffs intended to occupy the RV as their principal dwelling within one year. In other words, Plaintiffs ask this Court to treat their RV as a dwelling and not as an RV.

On September 10, 2025, Plaintiffs filed the instant lawsuit seeking money damages and, alternatively, rescission. On September 11, 2025, the Court denied their motion for a temporary restraining order and dismissed the complaint without prejudice, with leave to amend. (Docs. 7; 8).

On October 2, 2025, Plaintiffs filed their first amended complaint. (Doc. 12). On October 17, 2025, Plaintiffs filed a second amended complaint. (Doc. 20). On the same day, Plaintiffs contemporaneously filed another motion for a temporary restraining order, which the Court denied. (Docs. 21; 23).

On October 28, 2025, Blue Compass RV filed a motion to dismiss. (Doc. 26). Plaintiffs later filed a third amended complaint without leave of court. (Doc. 47). Although the third amended complaint was unauthorized, in the interest of judicial economy, and in consideration of Plaintiffs' *pro se* status, the Court accepted the third amended complaint as filed. (Doc. 51). Blue Compass RV and M&T Bank have now moved to dismiss the third amended complaint. (Docs. 62; 63).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018). "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiffs in this case are proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Count I*

In Count I, Plaintiffs claim that M&T Bank violated the Truth in Lending Act and Regulation Z, specifically the ability-to-repay rule set out in 15 U.S.C. § 1639c. Plaintiffs specifically claim that had a good faith ability-to-repay determination been made, the loan should have been denied.

The ability-to-repay rule requires creditors to make a reasonable, good faith determination that the borrower has the ability to repay a "residential mortgage loan" *and applies only to loans secured by a dwelling*. *See* 15 U.S.C. § 1639c(a)(1). By its plain terms, the regulation does not apply to motor vehicle loans, such as RV sales which are treated as car loans. *See* 15 U.S.C. § 1639c. Because the loan at issue in this case was not structured and documented as a dwelling-secured loan,

the ability-to-repay rule simply does not apply. It is not enough that Plaintiffs intended to or happened to use the RV as their residence when the contract language is clear to the contrary.

Even if the TILA provisions were somehow applicable, Plaintiffs would be unable to pursue money damages. "Such claims must be filed 'within one year from the date of the occurrence of the violation.'" 15 U.S.C. § 1640(e). The violation occurs when the transaction is consummated, and importantly, "nondisclosure is not a continuing violation for purposes of the statute of limitations." *Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1552 (11th Cir. 1984). Here, the contract was signed on October 13, 2023, and the instant suit was not filed until September 10, 2025.

For these reasons, Count I is dismissed, without leave to amend because amendment would be futile.

*Count V*

In Count V, Plaintiffs assert a claim under the "FTC Holder Rule" against M&T Bank. However, the "FTC Holder Rule," 16 C.F.R. § 433, is not an independent cause of action. *See Hemmings v. Camping Time RV Centers, LLC*, 2017 WL 4552896, at *8 (N.D. Ga. Oct. 11, 2017). This rule simply gives a plaintiff a right to assert existing derivative claims against a finance company/assignee. *See id*. Count V is therefore dismissed, without leave to amend.

*Jurisdiction Over Remaining Counts*

In the third amended complaint, Plaintiffs state that federal question exists under 28 U.S.C. § 1331, and that supplemental jurisdiction exists under 28 U.S.C. §

1367(a).  Plaintiffs do not allege diversity jurisdiction, nor do they allege any facts that would support diversity jurisdiction.

The Court has now dismissed the only counts arguably raising a claim for relief under federal law.  Although Plaintiffs purport to assert claims for declaratory relief and cite to 28 U.S.C. §§ 2201 and 2202 to support jurisdiction, a party seeking such relief must still assert an underlying, independent ground for federal court jurisdiction.  *See Patel v. Hamilton Medical Center, Inc.*, 967 F.3d 1190, 1994 (explaining that a party seeking declaratory relief must assert an underlying ground for federal court jurisdiction); *Sellers v. Nationwide Mutual Fire Ins. Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020) (observing that Declaratory Judgment Act does not itself confer jurisdiction, and explaining that a suit brought under the Act must state some independent source of jurisdiction, such as the presentation of a federal question or diversity); *see also Cullman Electric Cooperative v. City of Cullman, Alabama*, 576 F. Supp. 3d 942, 947-48 (N.D. Ala. 2021) ("[F]ederal courts have repeatedly held that the Declaratory Judgment Act does not provide an independent basis for federal subject matter jurisdiction.").  Here, with the dismissals of the purported federal claims, there is no underlying, independent ground for federal court jurisdiction.

The Court specifically declines to exercise supplemental jurisdiction over Plaintiffs' state law claims in the remaining counts.  Consequently, these counts will be dismissed without prejudice to any right Plaintiffs may have to pursue them in the appropriate state court.  Should Plaintiffs file any state court cases,

Defendants are of course able to raise the other arguments presented in their respective motions to dismiss, which are denied without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendants' motions to dismiss (Docs. 62; 64) are **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

2. Counts I and V of the third amended complaint are **DISMISSED WITH PREJUDICE**, without leave to amend.

3. Counts II, III, IV, and VII of the third amended complaint are **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise supplemental jurisdiction over these claims.

4. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE